**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

STEPHEN W. VALDEZ,

     **Plaintiff,**

VERSUS

                                     **CIVIL ACTION NO.: 2:22-cv-2267**

                                     **JURY TRIAL DEMANDED**

FEDERAL EXPRESS CORPORATION,

     **Defendant.**

## COMPLAINT

Plaintiff, Stephen W. Valdez, by and through his attorneys, Johnson & Bennett, PLLC, brings this Complaint for a cause of action arising under Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981 and states as follows:

## PARTIES

1.     Plaintiff, Captain Stephen W. Valdez, is an adult citizen of Pembroke Pines, Broward County, Florida.

2.     Defendant, Federal Express Corporation d/b/a FedEx Express (FedEx), is a Delaware Corporation, doing business in the State of Tennessee, and is an employer within the meaning of the Title VII of the Civil Rights Act of 1964, as amended, and §1981. Defendant's principal place of business is 3610 Hacks Cross Rd, Memphis, TN 38125-8800 USA. Defendant may be served with process through its registered agent, C T Corporation System, 300 Montvue Rd., Knoxville, TN 37919.

## JURISDICTION AND VENUE

3.     Jurisdiction of this Court is invoked pursuant to federal question under 28 U.S.C. § 1331 and civil rights jurisdiction under 28 U.S.C. §1343 and 42 U.S.C. § 1981. This Court has authority to award costs and attorney fees pursuant to 42 U.S.C § 1988.

4.      Venue under 28 U.S.C. § 1391 is proper in this district because a substantial part of the unlawful employment practices complained of were committed in Memphis, Shelby County, Tennessee and the Defendant's principal place of business is in Memphis, Shelby County, Tennessee which is in the United States District Court for the Western District of Tennessee, Western Division.

5.      On August 27, 2020, Plaintiff timely filed a Charge of Discrimination (490-2020-02620) against Defendant for race/national origin discrimination and retaliation with the United States Equal Employment Opportunity Commission (EEOC) attached as Exhibit A.

6.      On January 31, 2022, the EEOC issued Plaintiff a Notice of Right to Sue for Defendant FedEx's charge which is attached as Exhibit B.

7.      Plaintiff timely files this action.

**FACTS**

8.      Plaintiff, Captain Stephen Valdez, is a Hispanic male of Cuban descent.

9.      Mr. Valdez obtained his Bachelor of Science in Aerospace Engineering from Georgia Institute of Technology (Georgia Tech) in 1985, Summa Cum Laude.

10.      Mr. Valdez is an aircraft pilot who served ten and a half years in the United States Air Force before becoming a commercial aircraft pilot for Defendant.

11.      Mr. Valdez began service with the United States Air Force (USAF) in 1986.

12.      In addition to flying combat missions for the USAF, Mr. Valdez was a Lead Instructor Pilot and a Simulator Instructor.

2

13.   Upon leaving the USAF, Mr. Valdez served as the Chief Instructor Pilot and Director of Operations and Flight at Broward Flight Center in Florida.

14.   Mr. Valdez began working for FedEx on January 21, 1998, as a pilot, based out of Memphis, TN.

15.   Mr. Valdez has served in various flight crew positions since he began working for FedEx, working out of Memphis, TN and Anchorage, AK, including Captain of MD-11 before moving to the B777.

16.   Mr. Valdez has been a Captain on the B777 since June 26, 2016.

17.   Mr. Valdez has been seeking to advance to the position of Line Check Airman (LCA) for several years.

18.   Mr. Valdez applied for and was interviewed for the LCA position in late 2017 and early 2018, but was not selected for the position.

19.   In response to Mr. Valdez's non-selection, Mr. Valdez hired an attorney to raise complaints of race and national origin discrimination.

20.   On July 2, 2018, Attorney Dan Norwood wrote FedEx's Managing Director, Employment Litigation raising Mr. Valdez's complaints of race and national origin discrimination for his non-selection for the LCA position in either 2017 or 2018.

21.   On July 9, 2018, FedEx Senior Counsel, Employment Group, wrote Mr. Norwood indicating that FedEx was taking Mr. Valdez's allegations seriously and would conduct a thorough investigation.

22.   At a later time, the investigation was closed with no finding of any information to support Mr. Valdez'z allegations of discrimination.

23.     Mr. Valdez applied for another LCA position on August 27, 2018.

24.     On September 6, 2018, Chuck Marshall, B777 Fleet Standards Manager, emailed Mr. Valdez to inform him that he did not receive an interview because Defendant "decided to consider other applicants who more closely meet the overall qualifications and skills needed for this position."

25.     Mr. Valdez was as qualified or more qualified for the position of LCA as any of the candidates interviewed and selected.

26.     On January 25, 2019, Mr. Valdez applied for another LCA position.

27.     Chuck Marshall emailed Mr. Valdez on February 5, 2019, to advise Plaintiff that he was not selected to interview for the position because Defendant "decided to consider other applicants who more closely [met] the overall qualifications and skills needed."

28.      Mr. Valdez was as qualified or more qualified for the position of LCA as any of the candidates interviewed or selected.

29.     On September 10, 2019, Mr. Valdez was assigned to an international carryover trip in October that extended into November.

30.     On September 11, 2019, Flight Operations Training published a job posting for Quarterly Check Airman/Instructor positions (LCA) for the fleet for which Mr. Valdez was a Captain.

31.     On September 23, 2019, Mr. Valdez submitted another application for an LCA position to B777 Fleet Standards Manager, Don Ulsh.

32.     In addition to Mr. Valdez (Hispanic), twelve other crew members applied, ten white males, a black male, and an Asian male.

33. On September 23, 2019, Ulsh notified one of the white males that he did not meet minimum requirements, leaving 12 applicants for the LCA posting, nine white males, one black male, one Asian male, and Mr. Valdez, Hispanic male.

34. On September 30, 2019, Ulsh emailed the applicants for the LCA position to advise that if selected for interview, candidates needed to keep in mind interviews scheduled on November 5th and 6th, 2018, as the candidates bid for their November flights.

35. Flight schedules are determined by bid and seniority and a pilot may not get the days off as requested.

36. On October 4, 2019, Ulsh emailed some of the candidates selected for an interview for the LCA position to advise them, "I will be conducting interviews for a LCA position on November 6. Please let me know if you available."

37. On October 4, 2019, Mr. Valdez emailed Ulsh to let him know that he had a carryover trip and would not be available on November 6, 2018.

38. Ulsh did not respond to Mr. Valdez's email.

39. Captain Pat Madden, a white male, had also applied for an LCA position at the same time as Mr. Valdez.

40. Madden had also been assigned to an international carryover trip that extended into November.

41. On October 4, 2018, Ulsh sent an email to candidates selected for interviews on November 5th, which included Madden, saying to please let him know if available.

42. Madden emailed Ulsh on October 9, 2019, to advise him that Madden had a carryover trip that extended to November 7, 2018.

43. Ulsh emailed Madden on October 11, 2019, to advise Madden that Ulsh had an interview slot available on November 8th at 0830.

44. Ulsh conducted interviews on November 5, 6, and 8, 2019.

45. Defendant chose five candidates to put into LCA training in January 2020, three white males, one black male, and one Asian male.

46. Four other candidates, all white males, were put into a pool for when another LCA opening came open.

47. Mr. Valdez did not receive an interview for the September 2019 LCA posting.

48. Mr. Valdez was as qualified or more qualified for the position of LCA as any of the candidates interviewed or selected.

49. Mr. Valdez has not received an interview or been selected for any LCA posting since he complained about race and national origin discrimination in the middle of 2018, through his attorney.

50. The reason Mr. Valdez has not been interviewed or selected for an LCA position is due to his race and national origin. and based upon his prior complaints of discrimination.

51. The reason Mr. Valdez has not been interviewed or selected for an LCA position is based upon his prior complaints of discrimination.

52. Defendant had notice of Mr. Valdez's complaints of discrimination.

53.   The reason Madden received an alternate date for his interview when he had a carryover trip that made him unavailable to interview on the date given by Ulsh is because he is a white male.

54.   The reason Madden received an alternated date for his interview when he had a carryover trip that made him unavailable to interview on the date given by Ulsh is because he did not engage in protected activity by complaining of race and national origin discrimination.

55.   Defendant FedEx violated Plaintiff's rights under Title VII of the Civil Rights Act of 1964, and pursuant to 42 U.S.C. § 1981.

56.   Defendant FedEx's violations of Plaintiff's statutory rights under Title VII and § 1981 were intentional and willful and done in direct disregard for Plaintiff's right to be free from such unlawful discriminatory activity.

57.   Defendant's violations of Plaintiff's statutory rights under Title VII and § 1981 were intentional and willful and done in direct disregard for Plaintiff's right to be free from retaliation for protected activity.

58.   Plaintiff suffered loss of pecuniary interest due to the actions of the Defendants in discriminating and retaliating against him, including loss of pay, loss of opportunities, benefits, and other tangibles.

59.   Plaintiff has suffered mental anxiety and stress, inconvenience, loss of enjoyment of life, loss of income and valuable benefits as a result of the Defendant's actions.

60.   Defendant FedEx's violation of Plaintiff's federally protected rights was done with malice or reckless indifference to Plaintiff's federally protected rights so that Defendant FedEx is liable for punitive damages for its egregious actions.

## PRAYER FOR RELIEF

61.     Plaintiff sustained substantial monetary and non-monetary damages as a result of Defendant's illegal conduct, and Mr. Valdez demands such legal and equitable relief as will effectuate the purposes of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, and 42 U.S.C. § 1981, including but not limited to, the following:

        a.   Accrual of back pay, front pay (in lieu of reinstatement), fringe benefits, and other emoluments of employment;

        b.   Compensatory damages;

        c.   Punitive damages;

        d.   Loss of enjoyment of life;

        e.   Lost opportunities;

        f.   Costs and attorney fees;

        g.   Appropriate affirmative action;

        h.   Reinstatement or other equitable relief;

        i.   Any interest due on the amount awarded; and

        j.   Any other relief that this Court deems just and equitable.

63.     Plaintiff prays that a jury be empaneled to decide this matter and determine damages and that Plaintiff be awarded reasonable attorney fees and costs.

THIS the 29th day of April, 2022.

Respectfully submitted,

STEPHEN W. VALDEZ

**/s/Kristy L. Bennett**
KRISTY BENNETT BPR# 30016
TRESSA V. JOHNSON BPR# 26401
Attorneys for Plaintiff
Johnson & Bennett, PLLC
1407 Union Ave., Ste. 807
Memphis, TN 38104
(901) 402-6601
(901) 462.8629 fax
kristy@myjbfirm.com