# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
### WESTERN DIVISION

| | |
|---|---|
| STEPHEN W VALDEZ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 2:22-cv-02267-TLP-cgc |
| v. ) | |
| ) | JURY DEMAND |
| FEDERAL EXPRESS CORPORATION, ) | |
| ) | |
| Defendant. ) | |

## AMENDED SCHEDULING ORDER

Plaintiff filed an unopposed motion to amend the scheduling order in this case in light of amending the Complaint. (ECF No. 26.) The Court granted this motion, (ECF No. 27), and establishes the following dates as the final deadlines for:

**MOTIONS TO DISMISS**: Any motion to dismiss amended complaint must be timely filed as required by the Federal Rules of Civil Procedure.

**ALTERNATIVE DISPUTE RESOLUTION:**

    **(a)**    **ADR DEADLINE PURSUANT TO ADR PLAN RULE 4.3(a):**
    May 1, 2023

    Mediator must file Mediation Certification Form:
    https://www.tnwd.uscourts.gov/pdf/content/MediationCertificationForm.pdf

    **(b)**    **SELECTION OF MEDIATOR PURSUANT TO ADR PLAN RULE 5.4(c)2:**

    **MEDIATOR'S NAME:** Carl Jacobsen

**COMPLETING ALL DISCOVERY:** August 10, 2023

    **(a)**    **WRITTEN DISCOVERY**[1]**:** July 10 2023

---

[1] The parties shall serve requests at least 45 days before the deadline to complete written discovery to allow sufficient time for responses by the deadline for completion of discovery.

    **(b)**    **DEPOSITIONS:**  August 10, 2023

    **(c)**    **EXPERT WITNESS DISCLOSURES UNDER FED. R. CIV. P. 26:**

        **(1)**    **DISCLOSURE OF PLAINTIFF'S RULE 26(a)(2) EXPERT INFORMATION:**  May 29, 2023

        **(2)**    **DISCLOSURE OF DEFENDANT'S RULE 26(a)(2) EXPERT INFORMATION:**  June 26, 2023

        **(3)**    **EXPERT WITNESS DEPOSITIONS:**  August 10, 2023

**F.R.E. 702/*DAUBERT* MOTIONS TO EXCLUDE EXPERTS:**  September 4, 2023

**SUPPLEMENTATION UNDER RULE 26(e)(1):**  August 10, 2023

**FILING DISPOSITIVE MOTIONS:**  September 11, 2023

**JOINT PROPOSED PRETRIAL ORDER DUE:**  September 29, 2023, by close of business
(E-Mail Joint Proposed Pretrial Order in Word format to: ECF_Judge_Parker@tnwd.uscourts.gov)

**PRETRIAL CONFERENCE DATE:**  October 6, 2023, at 9:30 a.m.

**JURY TRIAL:**  October 23, 2023, at 9:00 a.m.  Trial is anticipated to last approximately 2 weeks.

    The parties **do not** consent to trial before the Magistrate Judge.

**OTHER RELEVANT MATTERS**:

    As required by Local Rule 26.1(e), the parties have conferred as to whether they will seek discovery of electronically stored information ("e-discovery") and other than potential e-mail and text message communications, at this time the parties do not anticipate there being any discovery conducted regarding ESI in this litigation.  To identify and preserve any potential ESI, Counsel for Plaintiff will alert, and Counsel for Defendant has alerted their clients to ensure proper protections are in place to prevent deletion of documents potentially relevant to this litigation, to notify those persons in relevant positions to refrain from destroying ESI that may be relevant to the claims in this litigation, and to ensure no inadvertent deletion of ESI occurs.  The parties do not expect to perform any forensic searches on computer hard drives.  The parties are not aware of any discoverable deleted ESI.  The parties do not anticipate requesting any discoverable ESI with embedded data and/or metadata.  For any ESI discovered during the course of this litigation, however, the parties have agreed to produce in the format outlined in the Join Report on the Rule 26(f) Planning Conference previously filed with the Court.  The parties are not aware of any discoverable ESI that is not reasonably accessible at this time.  In the event any privileged information is inadvertently disclosed via any ESI, the parties agree that the

privilege is not waived and will be submitted an Order pursuant to Fed. R. Evid. 502(d) outlining the same.

Pursuant to agreement of the parties, if privileged or protected information is inadvertently produced, the producing party may, by timely notice, assert the privilege or protection and obtain the return of the materials without waiver.

The parties are ordered to engage in ADR before the close of discovery. Under ADR Rule 5.11(b) the mediator is to file a Mediation Certification within seven (7) days after the close of the mediation session reporting the date of the session, whether the case settled as a whole or in part and whether any follow up is scheduled. And under LR 16.3(d), within seven (7) days after the mediator submits the Mediation Certification, the parties shall file a notice confirming that ADR was conducted and indicating whether it was successful or unsuccessful, without disclosing the parties' respective positions.

Pursuant to Local Rule 7.2(a)(1)(A), all motions, except motions pursuant to Fed. R. Civ. P. 12, 56, 59, and 60, shall be accompanied by a proposed order in a word processing format sent to the ECF mailbox of the presiding judge.

Pursuant to Local Rule 7.2(a)(1)(B), the parties are required to consult prior to filing any motion (except motions filed pursuant to Fed. R. Civ. P. 12, 56, 59, and 60).

The opposing party must file a response to any opposed motion. Pursuant to Local Rule 7.2(a)(2), a party's failure to respond timely to any motion, other than one requesting dismissal of a claim or action, may be deemed good grounds for granting the motion.

Neither party may file an additional reply to any motion, other than a motion filed pursuant to Fed. R. Civ. P. 12(b) or 56, without leave of the court. Pursuant to Local Rule 7.2(c), if a party believes that a reply is necessary, it shall file a motion for leave to file a reply within 7 days of service of the response, setting forth the reasons why a reply is required.

***This order has been entered after consultation with the parties. Absent good cause shown, the deadlines set by this order will not be modified or extended.***

**SO ORDERED**, this 4th day of January, 2023.

        s/Thomas L. Parker
        THOMAS L. PARKER
        UNITED STATES DISTRICT JUDGE