# IN THE UNITED STATES DISTRICT COURT
# FOR WESTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| STEPHEN W. VALDEZ, ) <br> ) <br> PLAINTIFF, ) <br> ) <br> vs. ) <br> ) <br> FEDERAL EXPRESS CORP., ) <br> ) <br> DEFENDANT. ) | CIVIL ACTION NO.: 2:22-cv-02267 |

## FEDERAL EXPRESS CORPORATION'S NOTICE OF SERVICE OF SUBPOENAS

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant, Federal Express Corporation, has taken cause to serve a Subpoena upon Harvey W. Watt & Co., in the above referenced matter seeking the medical records of Plaintiff, Stephen W. Valdez. True and correct copies of the aforementioned are hereto attached.

DATED: February 24, 2023

Respectfully submitted,

By: */s/ Frederick L. Douglas*
Frederick L. Douglas, Lead Counsel
TN Bar No. 22356
Federal Express Corporation
3620 Hacks Cross Road
Building B, 3rd Floor
Memphis, TN 38125
Telephone: (901) 434-8519
Facsimile: (901) 434-9271
Email: Frederick.douglas@fedex.com

        Daniel French, Lead Counsel
        TN Bar No. 25921
        Federal Express Corporation
        3620 Hacks Cross Road
        Building B, 3rd Floor
        Memphis, TN 38125
        Telephone: (901) 434-8353
        Facsimile: (901) 434-9271

        **ATTORNEYS FOR DEFENDANT FEDERAL EXPRESS CORPORATION**

## CERTIFICATE OF SERVICE

I hereby certify that I have served a true and correct copy of the foregoing via this Court's ECF filing system on February 24, 2023 to the following address:

        Tressa V. Johnson, Esq.
        Kristy Bennett, Esq.
        Johnson & Bennett, PLLC
        1407 Union Ave., Ste. 807
        Memphis, TN 38104
        Email: tressa@myjbfirm.com
        kristy@myjbfirm.com
        (901) 402-6601 Telephone
        (901) 462-8629 Facsimile

        */s/ Frederick L. Douglas*
        Frederick L. Douglas

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
_____ District of _____

|  |  |
|---|---|
| _____<br>*Plaintiff*<br>v.<br>_____<br>*Defendant* | )<br>)<br>)   Civil Action No.<br>)<br>)<br>) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:

_____
*(Name of person to whom this subpoena is directed)*

❒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| Place: | Date and Time: |
|---|---|
|  |  |

❒ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
|  |  |

   The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   2/24/2023

*CLERK OF COURT*
                                                                         OR
_____                    *Frederick L. Douglas*
*Signature of Clerk or Deputy Clerk*                                *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
_____, who issues or requests this subpoena, are:

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

# PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____.

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

<u>Attachment to Subpoena for Production of Business,</u>
<u>Medical and/or Mental Health Records</u>
<u>Stephen Valdez  v. Federal Express Corporation</u>
<u>U.S. District Court, Western  District of Tennessee</u>
<u>Case No. 2:22-cv-02267-TLP</u>

Defendant Federal Express Corp. (FedEx) is requesting information pertaining to representations and claims made by Plaintiff Stephen Valdez that he has experienced, and been exposed to, "extreme emotional suffering and **mental anguish** due to the Defendant's actions" (emphasis original), and "mental anguish" caused by "the hostile work environment created by the Defendant." Plaintiff is a FedEx 777 Captain.

1. The terms "YOU" and "YOUR" refer to Harvey W. & Co., and its employees, agents, officers, attorneys, or representatives.

2. Please produce any and all DOCUMENTS reflecting, discussing or pertaining to any counseling and psychological records; including all notes, all histories, all questionnaires, all charts, all reports, all summaries, all diagnoses, all prognoses, all correspondence, all information regarding any and all prescriptions of any drug pertaining to treatment, and all information regarding any examination of or meetings with Stephen Valdez, SSN xxx-xx-6297; DOB: 6/10/1963 for the time period from January 2017 to present [1].

3. In addition to the above, please produce any and all DOCUMENTS

   (a) Completed FAA-Form 8500-8;
   (b) Any DOCUMENTS bearing on or relating to Airman Medical Certificate;
   (c) FAA Blue Ribbon DOCUMENTS for which your organization has access;
   (d) Any DOCUMENTS bearing on the fitness of Capt. Stephen Valdez to operate commercial aircraft; and

---

[1] The Genetic Information Nondiscrimination Act of 2008 (GINA) prohibits employers and other entities covered by GINA Title II from requesting or requiring genetic information of an individual or family member of the individual, except as specifically allowed by this law. To comply with this law, we are asking that you not provide any genetic information when responding to this request for medical information. `Genetic information,' as defined by GINA, includes an individual's family medical history, the results of an individual's or family member's genetic tests, the fact that an individual or an individual's family member sought or received genetic services, and genetic information of a fetus carried by an individual or an individual's family member or an embryo lawfully held by an individual or family member receiving assistive reproductive services.

    (e) Any records relating to Capt. Stephen Valdez relating or arising out Sec. 15.D. of the collective bargaining agreement between Federal Express Corp. and the Airline Pilot Association, International.

4.    The term DOCUMENTS means all writings, as defined in Federal Rule of Evidence 1001, and includes the original or a copy of handwriting, typewriting, printing, Photostats, photographs, electronically stored information, any other means of recording upon any tangible thing, and every other form of communication or representation, including letters, words, pictures, sounds, or symbols, or combinations of them.

5.    The signed and notarized Certificate of Authenticity regarding the foregoing documents.

## HIPAA COMPLIANT AUTHORIZATION FOR RELEASE OF MEDICAL AND MENTAL HEALTH RECORDS

**TO:** **Physician, Psychologist, Psychiatrist, Pharmacist, Practitioner or Other Medical/Health Care Providers of Stephen Valdez**

I, **Stephen Valdez**, hereby request and authorize that you release copies of all pharmacy, hospital, medical, mental health and rehabilitation records, testing and testing results, receipts, payment vouchers and disbursing records for the time period of **January 2017 to the present**, to Frederick L. Douglas, Lead Counsel for Federal Express Corporation (hereinafter "Recipient") for the purpose of litigation. This release includes, but is not limited to, notes and records concerning date(s) of appointment(s); records reflecting patient complaints, symptoms, diagnoses and treatment; records relating to prescribed drugs and drug therapy; physician referral records; billing and payment records; nursing notes; doctor progress notes; urine and blood testing results; admission and release summaries; therapy and rehabilitation reports; and psychological and psychiatric testing, reports and evaluations. You are specifically authorized to release those health records (including psychotherapy notes) relating to sexually transmitted diseases, AIDS, mental illness, psychiatric treatment, and/or drug or alcohol abuse treatment. Documents may be mailed to Recipient at the FedEx Legal Department, 3620 Hacks Cross Road, Building B, Third Floor, Memphis, Tennessee 38125. Copying expenses will be paid by FedEx Legal Department upon receipt of an invoice, a Form W-9, and the records.

This authorization is a free and voluntary act by me and automatically expires on January 1, 2023. This authorization may be revoked by me at any time via a written, signed and notarized revocation, except to the extent that you have already acted while relying upon this authorization. This authorization may not be revoked without notifying the Recipient of such revocation. A photocopy of this Release is as valid and as binding as an original executed by the undersigned.

My health care provider will not condition my treatment, payment, enrollment in a health plan or eligibility for benefits (if applicable) on whether I provide authorization for the requested use or disclosure except: 1.) if my treatment is related to research, or, 2.) health care services are provided to me solely for the purpose of creating protected health information for disclosure to a third party.

The information disclosed by you pursuant to this authorization may be subject to redisclosure by the Recipient and will no longer be subject to HIPAA regulation. The Genetic Information Nondiscrimination Act of 2008 (GINA) prohibits employers and other entities covered by GINA Title II from requesting or requiring genetic information of an individual or family member of the individual, except as specifically allowed by this law. To comply with this law, we are asking that you not provide any genetic information when responding to this request for medical information. 'Genetic information' as defined by GINA, includes an individual's family medical history, the results of an individual's or family member's genetic tests, the fact that an individual or an individual's family member sought or received genetic services, and genetic information of a fetus carried by an individual or an individual's family member or an embryo lawfully held by an individual or family member receiving assistive reproductive services.

Name: **Stephen Valdez**
Social Security No.: **XXX-XX-6297**
Date of Birth: **June 10, 1963**
Signature: *[signed] ID eRzruhJ5r3y15ozSSq1baqxW*            Date executed: 2/14/2023

## eSignature Details

**Signer ID:**     **eRzruhJ5r3y15ozSSq1baqxW**
Signed by:         Stephen William Valdez
Sent to email:     swvaldez@aol.com
IP Address:        172.56.44.83
Signed at:         Feb 14 2023, 5:31 pm CST

# CERTIFICATE OF AUTHENTICATION (or No Records)

**Office/Company/Entity Name:** <u>Harvey W. Watt & Co.</u> (hereafter "**Respondent**")

| **CERTIFICATE OF AUTHENTICATION**<br>(complete this section if you are supplying records) | **CERTIFICATE OF NO RECORDS**<br>(complete only if you have no records or are unable to locate records) |
|---|---|
| THE UNDERSIGNED custodian of records, _____ (Print Name) certifies that (s)he is the duly authorized custodian of records for Respondent named above, and that the attached records are true and accurate reproductions and copies of the original records maintained by Respondent, and represent the forms, records, and other data and information relative to **Stephen W. Valdez** that have been kept in the care of Respondent and that said records were kept as reasonably necessary for the file of Schola Tynes.<br><br>THIS CERTIFICATE is given in lieu of the personal appearance of the person certifying thereto.<br><br>THE UNDERSIGNED further certifies that said records with this attached certificate were delivered to Frederick L. Douglas, Esq. (or his designee), counsel that sought a copy of the records.<br><br>*I declare under penalty of perjury that the foregoing is true and correct.*<br><br>Signature: _____<br><br>Date: _____ | THE UNDERSIGNED custodian of records, _____ (Print Name) certifies that (s)he is the duly authorized custodian of records for Respondent named above, and that, after a thorough search of his/her files, (s)he **does not have or is unable to locate any records** as described in the attached request, due to the following reason(s):<br><br>_____<br><br>_____<br><br>THE UNDERSIGNED, further certifies that (s)he will notify the requesting party if records are located or otherwise become available in the future.<br><br>*I declare under penalty of perjury that the foregoing is true and correct.*<br><br>Signature: _____<br><br>Date: _____ |

*************************************************************************

Sworn to and subscribed before me this _____ day of _____, 20____.

_____
Notary Public Signature

[SEAL]     My commission expires: _____.