IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| STEPHEN W VALDEZ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 2:22-cv-02267-TLP-cgc |
| v. ) | |
| ) | JURY DEMAND |
| FEDERAL EXPRESS CORPORATION, ) | |
| ) | |
| Defendant. ) | |

**SECOND AMENDED SCHEDULING ORDER**

Plaintiff filed an unopposed second motion to amend the scheduling order in this case. (ECF No. 42.) A scheduling conference was held by Microsoft Teams on August 3, 2023. Present were Kristy L. Bennett, counsel for Plaintiff, and Frederick L. Douglas, counsel for Defendant. The following dates were established as the final deadlines for:

**COMPLETING ALL DISCOVERY:**  February 6, 2024

    **(a)**    **WRITTEN DISCOVERY[1]:**  January 6, 2024

    **(b)**    **DEPOSITIONS:**  February 6, 2024

**F.R.E. 702/*DAUBERT* MOTIONS TO EXCLUDE EXPERTS:**  March 2, 2024

**SUPPLEMENTATION UNDER RULE 26(e)(1):**  February 6, 2024

**FILING DISPOSITIVE MOTIONS:**  March 9, 2024

**JOINT PROPOSED PRETRIAL ORDER DUE:**  June 21, 2024, by close of business
(E-Mail Joint Proposed Pretrial Order in Word format to:
ECF_Judge_Parker@tnwd.uscourts.gov)

---

[1] The parties shall serve requests at least 45 days before the deadline to complete written discovery to allow sufficient time for responses by the deadline for completion of discovery.

**PRETRIAL CONFERENCE DATE:**   June 28, 2024, at 10:30 a.m.

**JURY TRIAL:**   July 22, 2024, at 9:00 a.m.   Trial is anticipated to last approximately 2 weeks.

The parties **do not** consent to trial before the Magistrate Judge.

**OTHER RELEVANT MATTERS**:

As required by Local Rule 26.1(e), the parties have conferred as to whether they will seek discovery of electronically stored information ("e-discovery") and other than potential e-mail and text message communications, at this time the parties do not anticipate there being any discovery conducted regarding ESI in this litigation.  To identify and preserve any potential ESI, Counsel for Plaintiff will alert, and Counsel for Defendant has alerted their clients to ensure proper protections are in place to prevent deletion of documents potentially relevant to this litigation, to notify those persons in relevant positions to refrain from destroying ESI that may be relevant to the claims in this litigation, and to ensure no inadvertent deletion of ESI occurs.  The parties do not expect to perform any forensic searches on computer hard drives.  The parties are not aware of any discoverable deleted ESI.  The parties do not anticipate requesting any discoverable ESI with embedded data and/or metadata.  For any ESI discovered during the course of this litigation, however, the parties have agreed to produce in the format outlined in the Join Report on the Rule 26(f) Planning Conference previously filed with the Court.  The parties are not aware of any discoverable ESI that is not reasonably accessible at this time.  In the event any privileged information is inadvertently disclosed via any ESI, the parties agree that the privilege is not waived and will be submitted an Order pursuant to Fed. R. Evid. 502(d) outlining the same.

Pursuant to agreement of the parties, if privileged or protected information is inadvertently produced, the producing party may, by timely notice, assert the privilege or protection and obtain the return of the materials without waiver.

The parties are ordered to engage in ADR before the close of discovery.  Under ADR Rule 5.11(b) the mediator is to file a Mediation Certification within seven (7) days after the close of the mediation session reporting the date of the session, whether the case settled as a whole or in part and whether any follow up is scheduled.  And under LR 16.3(d), within seven (7) days after the mediator submits the Mediation Certification, the parties shall file a notice confirming that ADR was conducted and indicating whether it was successful or unsuccessful, without disclosing the parties' respective positions.

Pursuant to Local Rule 7.2(a)(1)(A), all motions, except motions pursuant to Fed. R. Civ. P. 12, 56, 59, and 60, shall be accompanied by a proposed order in a word processing format sent to the ECF mailbox of the presiding judge.

Pursuant to Local Rule 7.2(a)(1)(B), the parties are required to consult prior to filing any motion (except motions filed pursuant to Fed. R. Civ. P. 12, 56, 59, and 60).

The opposing party must file a response to any opposed motion.  Pursuant to Local Rule

7.2(a)(2), a party's failure to respond timely to any motion, other than one requesting dismissal of a claim or action, may be deemed good grounds for granting the motion.

Neither party may file an additional reply to any motion, other than a motion filed pursuant to Fed. R. Civ. P. 12(b) or 56, without leave of the court.  Pursuant to Local Rule 7.2(c), if a party believes that a reply is necessary, it shall file a motion for leave to file a reply within 7 days of service of the response, setting forth the reasons why a reply is required.

*This order has been entered after consultation with the parties.  Absent good cause shown, the deadlines set by this order will not be modified or extended.*

**SO ORDERED**, this 4th day of August, 2023.

                                     s/Thomas L. Parker
                                     THOMAS L. PARKER
                                     UNITED STATES DISTRICT JUDGE